## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LILLIETTE VARGAS,
an individual,

                                  Case No.:

       Plaintiffs,

v.

TRANS UNION LLC,
a foreign limited liability company,

       Defendant.

_____/

### COMPLAINT

    **COMES NOW**, Plaintiff, LILLIETTE VARGAS (hereinafter "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, TRANS UNION LLC (hereinafter "Defendant").  In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

    1.    This is an action brought by an individual consumer for damages for Defendant's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Defendant failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files published by Defendant—with respect to tradeline accounts furnished by LendingClub Bank—following the discharge order entered in Plaintiff's bankruptcy case. More specifically, Defendant inaccurately,

1

incompletely, and misleadingly credit reported two tradeline accounts furnished by LendingClub Bank as charged-off on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Defendant despite Plaintiff receiving a discharge order in her bankruptcy case—eliminating Plaintiff's personal liability with respect to any amount owed to LendingClub Bank—and despite Defendant reporting Plaintiff's bankruptcy case as well as numerous other tradeline accounts as included in and discharged through Plaintiff's bankruptcy case.

## JURISDICTION, VENUE & PARTIES

2.      Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq.*

3.      Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District.

4.      Venue is proper in this District as the acts and transactions described herein originated and occurred in this District, Plaintiff filed her bankruptcy case in this District, and Plaintiff received a discharge order through her bankruptcy case in this District.

5.      At all material times herein, Plaintiff is a natural person residing in Orange County, Florida.

6.      At all material times herein, Defendant is a foreign limited liability company existing under the laws of the State of Delaware, with its principal place of business located at 55 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

7.      Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

8.      Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

9.      Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge— and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

10.      Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

11.      Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete,

or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

12.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  *Id.* at § s-2(b).

13.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees.  *Id.* at § n.

14.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer

as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

15.    At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

16.    At all material times herein, Defendant credit reports information with respect to two (2) tradeline accounts furnished by LendingClub Bank, referenced by account numbers ending -7273 and -3829 (hereinafter, the "Discharged Debt," "Accounts," or "LendingClub Accounts").

17.    At all material times herein, Defendant is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Defendant disburses such consumer reports to third parties under contract for monetary compensation.

18.    At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

19.    All necessary conditions precedent to the filing of this action occurred, or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

## PLAINTIFF'S BANKRUPTCY CASE AND DISCHARGE ORDER

20.     On or about December 20, 2022, Plaintiff filed a voluntary Chapter 7 bankruptcy case in the Middle District of Florida, Orlando Division, identified by case number 6:22-bk-04481-LVV (hereinafter, "Bankruptcy Case").

21.     Plaintiffs listed LendingClub Bank in her Bankruptcy Case and bankruptcy schedules as an unsecured creditor with respect to the Discharged Debt. Please see attached true and correct copies of relevant pages from Plaintiff's Chapter 7 Bankruptcy Petition labeled as Exhibit "A."

22.     On or about April 4, 2023, the United States Bankruptcy Court entered an Order of Discharge (hereinafter, "Discharge Order") in Plaintiff's Bankruptcy Case.

23.     As such, as of April 4, 2023, Plaintiff did not personally owe a balance to LendingClub Bank on the Discharged Debt—or the Accounts reported by Defendant—and the Discharge Order relieved Plaintiff from any personal financial liability regarding the Discharged Debt and/or Accounts.

## DEFENDANT'S CREDIT REPORTING OF THE ACCOUNTS

24.     On or about July 15, 2023, Plaintiff obtained a copy of her credit disclosure report from Defendant.  Please see attached true and correct copies of relevant pages from Plaintiff's July 2023 Trans Union credit report labeled as Exhibit "B."

25.     Notably, Defendant reported Plaintiff's Bankruptcy Case in the public records section of Plaintiff's credit report.  *See* Ex. B at p. 3.

6

26.     Additionally, on Plaintiff's report, Defendant reported *at least* eight (8) tradeline accounts included in Plaintiff's Bankruptcy Case as "CHAPTER 7 BANKRUPTCY" and ">Account Included in Bankruptcy<" without reporting a balance due or past-due on such accounts.

27.     However, on Plaintiff's report, Defendant reported the LendingClub Accounts as charged off with alleged charge-off dates of January 2023 and April 2023, and failed to mark or otherwise notate that the LendingClub Accounts were included in and discharged through Plaintiff's Bankruptcy Case. *Id.*

28.     Also, Defendant reported the LendingClub Accounts as opened in 2021 and 2022 with dates of first delinquency of November 11, 2022. *Id.*

29.     Therefore, Defendant clearly knew that the LendingClub Accounts — reported as an installment accounts by Defendant —preceded the date of Plaintiff's Bankruptcy Case and therefore should also be marked as "CHAPTER 7 BANKRUPTCY" and ">Account Included in Bankruptcy<."

30.     After the date of the Discharge Order was entered in Plaintiff's Bankruptcy Case, Defendant prepared and published Plaintiff's credit information to her current creditors and potential lenders which included the LendingClub Accounts as a charged-off and which failed to mark the LendingClub Accounts as included in or discharged through Plaintiff's Bankruptcy Case.

## **DAMAGES**

31.     As a result of Defendant's reporting of the Accounts, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she will be denied

credit as a result of the erroneous and incorrect reporting of the Accounts if she needs to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

32.     Overall, Plaintiff suffered damage to her credit reputation as a result of Defendant's conduct.

33.     Plaintiff retained Swift, Isringhaus, Dubbeld & McEleney, PLLC for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

34.     Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite efforts to remedy Defendant's reporting errors, Plaintiff must simply endure Defendant's inaccurate and unlawful reporting of the Account.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**

Plaintiff re-alleges paragraphs one (1) through thirty-four (34) as if fully restated herein and further states as follows:

35.     Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

36.     Defendant willfully and/or negligently failed to establish or follow

reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the discharged LendingClub Accounts.

37.     More specifically, Defendant reported Plaintiff's Bankruptcy Case in the public records section of her credit reports and credit file and also reported at least eight (8) other tradeline accounts that had been discharged through Plaintiff's Bankruptcy Case as discharged with a zero-dollar ($0) balance due or past-due.

38.     However, months after Plaintiff received the Discharge Order in her Bankruptcy Case, Defendant continued to report the LendingClub Accounts on Plaintiff's credit reports and credit files as "charged off" and failed to notate that the Accounts were included in and discharged through Plaintiff's Bankruptcy Case.

39.     Also, Defendant reported the LendingClub Accounts as opened in 2021 and 2022 respectively with dates of first delinquency of November 11, 2022.

40.     Therefore, Defendant clearly knew that the LendingClub Accounts— reported as installment accounts by Defendant—preceded the date of Plaintiff's Bankruptcy Case as a delinquent account and therefore should also be marked on Plaintiff's credit reports as "CHAPTER 7 BANKRUPTCY" and ">Account Included in Bankruptcy<" without reporting a balance due or past-due.

41.     Following Plaintiff's Bankruptcy Case, Defendant continued to report the Accounts as "charged off", failed to mark or indicate that the Accounts were discharged through Plaintiff's Bankruptcy Case, and failed to mark the Accounts as disputed on Plaintiff's credit reports and in Plaintiff's credit file.

42.     Overall, Defendant maintained credit files concerning Plaintiff and

published information regarding Plaintiff to third-parties which included Defendant's inaccurate reporting of the derogatory Accounts.

43.  Defendant clearly failed to maintain procedures to maintain maximum possible accuracy.  If Defendant maintained—and followed—such procedures, Defendant's reporting of the Accounts would be the same as the other tradeline accounts Defendant reported as included in and discharged through Plaintiff's Bankruptcy Case.

44.  Defendant's reporting of the Accounts was patently inaccurate and further evidences Defendant's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

45.  As a result of Defendant's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Accounts, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Accounts as charged-off.

46.  Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

47.  Defendant's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle

Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment against Defendant for maximum statutory damages for violations of the FCRA;

    b.    Actual damages in an amount to be determined at trial;

    c.    Compensatory damages in an amount to be determined at trial;

    d.    Punitive damages in an amount to be determined at trial;

    e.    An award of attorney's fees and costs; and

    f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/  *Aaron M. Swift*

**Aaron M. Swift, Esq., FBN 0093088**
Jordan T. Isringhaus, Esq., FBN 0091487
Sean E. McEleney, Esq., FBN 125561
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*